16SL-CC01542

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

DENNIS ZAMPITELLA )
)
Plaintiff, )
)
v. )
)
WALGREENS COMPANY )
**SERVE** REG. AGENT: CT CORPORATION )
SYSTEMS 120 S. CENTRAL, CLAYTON )
MO, 63105 )
)
KATHY KALOWSKI, Walgreen Store )
Manager; BRIAN SHUT, Walgreen Assistant )
Manager; DAN JANSON, Walgreen Loss )
Prevention Control )
**SERVE** AT STORE # 6989 14529 Manchester )
Road, Manchester, Mo. 63011 )
)
and, )
)
FIRST ADVANTAGE CORPORATION )
**SERVE** REGISTERED AGENT: CSC- )
LAWYERS INCORPORATING SERVICE )
COMPANY, 221 BOLIVAR STREET, )
JEFFERSON CITY, MO. 65101 )
)
DANA CLARK, EMPLOYEE OF First )
Advantage )
**SERVE** AT 1175 CAVE SPRINGS ESTATES )
DRIVE, ST. PETERS, MO 63376 )
)
and, )
)
TALX UCM SERVICES COMPANY D/B/A )
TALX UC EXPRESS )
**SERVE** REGISTERED AGENT PRENTICE- )
HALL CORPORATION SYSTEMS. 221 )
BOLIVAR STREET, JEFFERSON CITY, )
MO, 65101 )
)
Defendants. )

CASE NO.

JURY OF 12 REQUESTED

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

## PETITION

COMES NOW Plaintiff Dennis Zampitella, through counsel, and for his action against Defendants states as follows:

### General Allegations

1.  This case arises under the Missouri Human Rights Act. RSMo. § 213.010 et seq., ("MHRA").

2.  Plaintiff, Dennis Zampitella ("Zamp") is a resident of St. Louis County Missouri and he began his employment with Defendant Walgreens January 3, 2013 and continued with Walgreens until his illegal termination on June 23, 2015.

3.  At all times relevant, his employment assignment was in St. Louis County, Missouri at store # 6989, 14529 Manchester Road, Manchester, Missouri 63011.

4.  During this employment, Plaintiff performed the duties and the responsibilities of his job in a satisfactory manner.

5.  Defendant **Walgreens** is an Illinois Corporation, and, at all times relevant, was doing business in the State of Missouri, and county of St. Louis as a retail pharmacy and seller of soft goods merchandise, with all relevant events occurring at store # 6989, located in the City of Manchester and within the legal boundary of St. Louis County Missouri; Walgreens is an employer as defined by the MHRA, in that Walgreens employed six or more persons in the State of Missouri.

6.  Defendant **Kathy Kalowoski**, at all times relevant, was the store manager at the Walgreens Store # 6989.

7.  Defendant **Brian Shut,** at all times relevant, was the assistant store manager at the Walgreens Store # 6989.

8.  Defendant **Dan Jansen**, at all times relevant, was the director of loss prevention at Walgreens Store #6989.

9.  Venue in this court is proper pursuant to Mo. Rev Stat. § 508.010.4 and/or Mo. Rev. Stat. § 213.111.1

10. At all times material, as employees of Walgreens. the Defendants Kalowoski, Shut, and Jansen each made adverse and unlawful employment decisions, regarding the Plaintiff, and therefore each defendant is an employer within the meaning of the MHRA, and is a person who acts directly in the interest of Walgreens.

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

11. Walgreens has liability for the adverse employment actions of Defendant Kalowoski, Defendant Shut, and Defendant Jansen, and each individual Defendant has individual liability for their actions alleged herein.

12. Upon information and belief, **First Advantage Corporation,** does business in the State of Missouri and at all times relevant was directly involved as an agent of Walgreens and acted through the instructions and direction of Walgreens.

13. Defendant **Dana Clark**, at all times relevant, was an employee of First Advantage and at all times relevant she was acting within the full scope of those duties.

14. Upon information and belief, The Defendant **Talx**, at all times relevant, was utilized by Defendant Walgreens to assist in an investigation of the Plaintiff.

15. Upon information and belief, an extensively redacted report prepared and approved by Defendant Jansen and Defendant Talx was used as a basis for Plaintiff's termination; the report was incomplete, inaccurate, and completely out of context; the report falsely accused the Plaintiff of felonious conduct.

16. The Plaintiff is a person with disabilities. Pre-employment medical history reveals that On April 4, 2012 a scheduled MRI of the Plaintiff's cervical spine revealed severe spinal stenosis; there was degenerative loss of disc space to the C3-4-5-6-7, and cord compression.

17. Plaintiff's known physical disability was accompanied by the co-morbidity of depression and anxiety and these symptoms were exacerbated by the Defendants' illegal interference with Plaintiff's FMLA and the Defendants illegal threats of Plaintiff's termination.

18. The Plaintiff's medical disability is of record, and impairs one or more of the Plaintiff's major life activities, including, but not limited to, walking and lifting.

19. The Plaintiff's disability also affects one or more major bodily functions, including but, not limited to, "dumping syndrome", and debilitating gastric pain.

20. The defendants were aware or should have been aware, at all material times, of the record of this disability.

21. When Plaintiff's spinal stenosis was diagnosed, a medical decision was made to treat the condition with pain medication rather than surgery.

22. The pain medication was for severe pain and it carried a schedule II designation for its addictive quality.

3

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

23. The Plaintiff followed the directives of his physician in taking all of his medications, and, in fact, the Defendant Walgreens has possession of such records, as the rendering pharmacy.

24. In March 2015, a medical decision was made to discontinue the medications, because of increasing tolerance and decreasing efficacy of the pain medications.

25. Plaintiff was medically instructed to inform his employer of the need to request FMLA, during the period of time that was required to deal with withdrawal symptoms during the weening process and serious side effects that are commonly experienced

26. Plaintiff filed a timely charge of discrimination with the MCHR, and on April 7, 2016 the MCHR issued a Notice of Right to Sue, attached as Exhibit 1.

## COUNT I
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

27. On or about March 16, 2015, Plaintiff orally informed Defendant Brian Shut of his reasons for requesting FMLA, with the Defendant orally approving the request.

28. On or about March 18, 2015, Defendant Shut telephoned the Plaintiff at his home, and, without specifying a reason, demanded that Plaintiff return to the store, notwithstanding Plaintiff's explanation that he was quite ill from the weaning process of tapering his schedule II medications.

29. After the Defendant Shut's threat of termination, the Plaintiff returned to the store and as a condition of receiving FMLA he was told he had to sign a "Last Chance Agreement".

30. This document was a boilerplate acknowledgment that the signatory was admitting to the illegal abuse of drugs; the document also required attendance at drug rehab programs administered by Defendant First Advantage Corporation. A copy of said document is attached and marked as an exhibit used in a previous proceeding as Plaintiff's Exhibit 3 (Bates 000004).

31. Under the duress of repeated termination, the document was signed, but not until the Plaintiff inserted a handwritten note that he took the drugs as ordered by his doctor.

4

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

32. Throughout his FMLA, the Plaintiff was continually threatened and his FMLA was interfered with (even after written warnings from Plaintiff's Counsel) by Defendant First Advantage and their employee Defendant Dana Clark for not attending and paying for their services.

33. The Defendant Walgreens stood down from their illegal "Last Chance Agreement" for on May 19, 2015 the Plaintiff received FMLA approval, with no mention of the illegal "Last Chance Agreement" or reference to Defendant First Advantage Corporation and the money they had requested from the Plaintiff, said document having previously been marked in another proceeding as exhibit 5 and is so marked and incorporated herein.

34. The Plaintiff received his release to return to work without need of any accommodation and on his second day back he was terminated on June 23, 2015.

35. It would later be established that Walgreens' reason for the Plaintiff's termination involved alleged misconduct that occurred on April 8, 2015 at the same Walgreens store # 6989, Plaintiff was $ .44 short from the purchase of a half gallon of milk and a roll of toilet paper.

36. At a prior proceeding, an Appeals Tribunal rejected this misconduct argument of the Defendants and agreed with the Plaintiff in concluding, "The Tribunal is persuaded the employer made a simple business decision to discharge the claimant and latched on to the April 8th incident to justify the discharge."

37. The business decision made by Walgreens and each and every Defendant was based upon the "drug abuse" mindset of the illegal "last Chance Agreement"; a failure of First Advantage Corporation to make a little money, and in summary allowing the Plaintiff's disability to be a contributing factor in the Plaintiff's termination of employment.

38. Walgreens acted through its agents and Co-Defendants, including but not limited to, Kathy Kalowoski, Brian Shut, Dan Jansen, First Advantage Corporation and Dana Clark in allowing Plaintiff's disability to become a contributing factor in his discharge from W algreens.

39. The Defendants knew or should have known that their conduct was unlawful.

40. The conduct of the Defendants was intentional, in bad faith, outrageous and in willful disregard for Plaintiff and Plaintiff's rights as proscribed by Chapter 287, and such

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

outrageous conduct warrants an award of punitive damages to deter Defendants and others from such conduct in the future.

41. As a result of Defendants' acts, Plaintiff has suffered lost and reduced wages and income, together with lost benefits, and medical expense.

42. As a result of the Defendants' conduct, Plaintiff suffered emotional distress and mental anguish.

43. As a result of Defendant's conduct, Plaintiff has and will incur attorney fees and costs of litigation.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, find for Plaintiff and against all Defendants and enter judgment in an amount exceeding $ 25,000, for Plaintiff's lost wages, benefits of employment, for lost future wages and any differential, prejudgment interest; for plaintiff's emotional distress; for front pay or in the alternative for reinstatement; for punitive relief, for attorney fees and costs, and for such other and further relief as this Court deems necessary and just.

## COUNT II
## RETALIATORY DISCHARGE

44. The Plaintiff realleges and incorporates by reference Paragraphs 1-43 of Count I as Paragraphs 1-43 of Count II.

45. The Plaintiff's actions in demanding FMLA protection, his refusal to sign the Walgreens "Last Chance Agreement" as directed, and prevailing before the Labor Appeals Tribunal all resulted from the Plaintiff's disabilities; the Plaintiff exposed Walgreens as an inept, and an uncaring corporation that was arrogantly indifferent to following the law, thereby angering and embarrassing the company and contributing to the Plaintiff's discharge in retaliation for publically exposing a major company's true and unflattering identity.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, find for Plaintiff and against all Defendants and enter judgment in an amount exceeding $ 25,000, for Plaintiff's lost wages, benefits of employment, for lost future wages and any differential, prejudgment interest; for plaintiff's emotional distress; for front pay or in the alternative for reinstatement; for punitive

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

relief, for attorney fees and costs, and for such other and further relief as this Court deems necessary and just.

Respectfully Submitted,

ATTORNEY FOR PLAINTIFF

/s/ H. Gary Apoian # 25228
17407 Highland Way Drive
Wildwood, Mo. 63005
866-812-3872 Ext. 2205
314-650-3984 Direct

apoianlaw@charter.net

7

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Dennis Zampitella** | From:  **St. Louis District Office** |
| **APOIAN LAW GROUP, LLC** | **1222 Spruce Street** |
| | **Room 8.100** |
| APR 16 2016 | **Saint Louis, MO 63103** |

**RECEIVED**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **28E-2015-01408** | **Joseph J. Wilson,**<br>**State & Local Program Manager** | **(314) 539-7816** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

James R. Neely, Jr.,
Director

APR - 7 2016
APR - 7 2016
*(Date Mailed)*

cc:
**Lauren Cohn**
**Senior Counsel**
**WALGREEN CO. - EMPLOYMENT LAW**
**104 Wilmot Road # 1416**
**Deerfield, IL 60015**

**H. Gary Apoian**
**ATTORNEY AT LAW**
**APOIAN LAW GROUP, LLC**
**16216 Baxter Road, Suite 350**
**Chesterfield, MO 63017**

**EXHIBIT**
**1**

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

7-17-15

**APOIAN LAW GROUP, LLC**

~~Walgreens~~ Family of Companies

**"Last Chance" Agreement for Drug and/or Alcohol Misuse**

This letter of Agreement ("Agreement") is entered into by and between Walgreens family of companies (the Company) and _Dennis Zampililla_ (name of team member) on this date _3/18/15_ (insert date) in lieu of termination of my employment with the Company as a result of the following (check all that apply):

☐ a positive drug test for _____ (name of substance(s))
☐ a positive alcohol test
☒ self-identification of substance misuse _JUST USE AS DOCTORS' ORDER_

I understand that as a result of my confirmed positive drug/alcohol test result or my self-identification of substance misuse I must comply with the conditions specified in this Agreement in order to continue my employment with Walgreens family of companies. The conditions are as follows:

1. I must undergo an assessment by a Substance Abuse Professional (SAP) who will determine my need for a program of education, treatment, and/or rehabilitation regarding the misuse of alcohol and/or the misuse of controlled or illicit substances. I further understand that:
   a. I am financially responsible for all costs associated with the rehabilitation program and any after-care requirements. The Company will pay for case management and assessments, as well as any compliance monitoring costs.
   b. I must comply with all terms of the rehabilitation, education, and/or treatment program(s).
   c. I must comply with a written after-care plan received from the Company's Substance Abuse Professional (SAP), First Advantage Corporation (FADV) SAP Services. I authorize the release of a copy of this plan to Walgreens family of companies' management on a need to know basis.
   d. I must observe all terms of the FADV SAP Services return-to-work letter.
   e. I must execute and not revoke any written consents necessary to authorize the release of medical information from my personal physician and/or other necessary medical practitioners to the assessor, treatment provider, FADV Medical Review Officer (MRO), or FADV SAP for the purpose of determining level of care and compliance monitoring.
   f. I must execute and not revoke any written consents necessary to authorize the assessor, treatment provider, FADV MRO, FADV SAP, and the Company Insurance and Human Resources departments/divisions to release information to each other and to my manager regarding my participation in, attendance at, and compliance with the program, the after-care plan, and the return-to-work letter.
   g. I understand that my failure to comply with any portion of the program as required, or to discontinue my participation in the program, will result in being reported non-compliant by FADV SAP Services, which will result in termination of my employment with Walgreens family of companies.
   h. I am responsible for reading and reviewing all materials and agreements covering my care. I will obtain, complete and submit all required forms and documents to FADV SAP Services by all established deadlines.

2. I must adhere to the following timeline:
   a. I must call FADV SAP Services at (1-800-200-4819) within 24 hours from today. At that time, I will provide information to FADV SAP Services to assist them in locating a local resource for an initial assessment.
   b. I must schedule the initial assessment with a local Substance Abuse Professional within 72 hours of the referral by FADV SAP Services. I will take the local Substance Abuse Professional's first available appointment.
   c. Following the initial assessment, FADV SAP Services will work with the local SAP to make recommendations for my care. I must schedule any required appointments to start compliance with FADV SAP's recommendations within 72 hours of receipt of the recommendations and will take the first available appointment. Educational treatment will begin as soon as possible.
   d. I understand that failure to abide by this timeline will result in termination of my employment.

3. I will submit to periodic, unannounced drug and/or alcohol testing at any location specified by FADV SAP Services both prior to returning to work and for the period specified by FADV SAP Services following my return to work. I understand that for the first year of this program, I will be required to call an 800 number daily to determine if I am required to take a follow-up drug test. I also understand that my employment will be terminated with Walgreens family of companies if any test I am required to take is positive.

I understand that the above conditions will be binding upon me for a period of one to five years (as determined by FADV SAP Services) commencing on the date shown below. It will be my obligation to observe all of the conditions set forth in this letter. Violation of any of these conditions may result in termination of my employment. I understand that this Agreement does not alter my right to resign with or without notice, nor is it intended to alter the Company's right to terminate my employment "at will" for any reason it deems sufficient, with or without notice. If at any time, FADV no longer acts as the Company's SAP, I understand that this agreement will continue and that I will comply with all directions provided to me by the Company's new SAP and that I will provide the written consents referenced in paragraphs 1(e) and 1(f) above to the Company's new SAP.

I have read and understand this Agreement and certify that I am entering into it knowingly, voluntarily and with full knowledge of its significance. I have not been coerced, threatened, or intimidated into signing this Agreement and have had a reasonable period of time to consider the Agreement. I also certify that I am legally competent to execute this Agreement.

Dated: _3/18/15_

_St Louis West 229  6989_
District Number or Location Name     Store Number or Location Type

_DENNIS ZAMPILILLA_
Team Member (Printed Name)     (Signature)

DM/RXS/HR Manager (Printed Name)     (Signature)

Parent or Guardian (Printed Name)     (Signature)
Required for Minors Only

Witness (Printed Name)     (Signature)

Retain original copy and provide a copy to the team member.
Fax a copy of this signed form to First Advantage SAP Services at (877) 205-9731.

08/2013

**CLAIMANT'S EXHIBIT 3** ~~000004~~

Electronically Filed - St Louis County - April 27, 2016 - 10:40 AM

**7-17-15**

**APOIAN LAW GROUP, LLC**

*Walgreens*

Dennis Zampitella

DATE:            May  8, 2015

SUBJECT:     Unpaid Disability Leave Approval

FROM:          Unpaid Leave Department

TO:               Dennis Zampitella

RE:               2233451

Your unpaid disability leave has been approved from April 20, 2015 through June 18, 2015, based on information submitted by your physician. A copy of the Terms and Conditions of your leave is enclosed.  Please read this information carefully to ensure you understand Walgreens' expectations with respect to your leave and the continuation of your benefits.  If you are currently participating in the Employee Stock Purchase Program, you must contact the Stock Plans Department at (847) 315-2300.

If you are unable to return to work on the date your leave expires, you may request an extension of leave by submitting an updated physician's certification (Form 768), to the Unpaid Leave Department prior to the date your leave expires. A certification of health care provider (Form 758) is enclosed in case an extension of disability leave is needed.  You may also apply for a Personal Leave if you choose not to return to work at the end of your current leave.  Leave forms are available on myHR, Walnet, Storenet, or on the Walgreens employee website (https://employee.walgreens.com).

Pursuant to Company policy, your total combined leave granted (Disability Leave, Family and Medical Leave, and Personal Leave), including extensions, is generally limited to one year (12 months) from your last day worked. Therefore, extensions of your leave may be approved through March 17, 2016 provided proper documentation is received by the end of your current leave of absence.

Walgreens may grant requests to extend leave beyond 12 months as a reasonable accommodation in certain situations based on your individual facts and circumstances.  Requests to extend leave beyond 12 months as an accommodation should be made in writing, must include supporting documentation from the treating healthcare provider, and should be sent to the Unpaid Leave Department for consideration.

Please note that if you do not return to work at the end of your approved leave, your employment may be terminated effective as of the last day of approved leave, unless you are approved for additional leave

If you have any questions concerning your leave, you may contact the Unpaid Leave Department at  (800) 825-5467.

Thank You,

Unpaid Leave Department

Enclosure – Terms and Conditions

cc: Manager   08989
Case Number:        226431

**CLAIMANT'S EXHIBIT 5**              **000012**