UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS ZAMPITELLA,                    )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )       Case No. 4:16-CV-781 (CEJ)
                                      )
WALGREENS COMPANY, et al.,            )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action to
the Circuit Court of St. Louis County from which it was removed. Defendant has
filed a response in opposition.

Plaintiff Dennis Zampitella alleges that his employer, defendant Walgreens
Company, terminated his employment based on his disability and in retaliation for
asserting his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601
*et seq.* Plaintiff filed suit in state court pursuant to the Missouri Human Rights Act,
Mo. Rev. Stat. §§ 213.010 *et seq.*[1] Defendant Walgreens removed the action to this
Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, asserting
that plaintiff's retaliation claim "arises under" the FMLA.

## I.    Background

Plaintiff was employed at a Walgreens store in Manchester, Missouri from
January 3, 3013 until June 23, 2015. Complaint, Doc. #6 at ¶¶2-3. Plaintiff suffers

---

[1] Plaintiff names as defendants: Walgreens Company and its employees Kathy Kalowoski,
Brian Shut, and Dan Jansen (collectively, "Walgreens defendants"); First Advantage
Corporation and its employee Dana Clark; and defendant Talx.

from severe spinal stenosis, for which his physician prescribed Schedule II pain medication. Id. at ¶¶ 16, 21, 28. In March 2015, plaintiff's doctor discontinued his pain medication and instructed him to take FMLA leave while he was being weaned off the drugs. Id. at ¶ 25. Defendant Brian Shut, assistant store manager, initially gave verbal approval of plaintiff's request for FMLA leave. Two days later, however, defendant Shut informed plaintiff that his request for leave would be approved only if he signed a Last Chance Agreement for misuse of drugs and agreed to participate in a drug rehabilitation program. Id. at ¶¶ 29-30. Plaintiff signed the agreement under threat of termination, but wrote on the form that he had not misused the drugs and used them only as ordered by his doctor. Id. at ¶ 31; Last Chance Agreement, Doc. #6-1 at 2.

On May 19, 2015, Walgreens approved plaintiff's unpaid disability leave from April 29 through June 18, 2015. Letter, Doc. #6-1 at 3. Plaintiff was released to return to work without any need for accommodation. Doc. #6 at ¶34. On June 23, 2015, Walgreens terminated plaintiff's employment for alleged misconduct. Id. at ¶ 35. The "Labor Appeals Tribunal" subsequently rejected Walgreens' explanation for plaintiff's termination. Id. at ¶ 36. Plaintiff filed a timely charge of discrimination with the Missouri Human Rights Commission, which issued a right-to-sue notice on April 7, 2016. Notice, Doc. #6-1 at 1.

On April 27, 2016, plaintiff filed a two-count complaint in state court. In Count II, plaintiff alleges that defendant retaliated against him for demanding FMLA protection, refusing to sign the last-chance agreement, prevailing before the Labor Appeals tribunal, and exposing Walgreens as "inept" and "uncaring." Arguing that

Count II asserts a claim under the FMLA, defendant Walgreens removed the matter to this Court.

## II.    Legal Standard

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

## III.    Discussion

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908) (alteration in original)). And, federal jurisdiction cannot be predicated on an actual or anticipated defense. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of

action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). Thus, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.</u>, 463 U.S. 1, 10 (1983) (emphasis in original); <u>see</u> <u>Horner v. Lee Summit, Mo.</u>, No. 09–00820, 2009 WL 5214901, at *2 (W.D. Mo. Dec. 29, 2009) (plaintiff "is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law.") (citations omitted). A complaint that merely references federal law does not justify federal question jurisdiction, as "jurisdiction 'may not be sustained on a theory the plaintiff has not advanced.'" <u>Id.</u> (<u>quoting</u> <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 810 (1986)).

Removal of a complaint setting forth state-law claims is proper under the well-pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law claim, or (2) an issue of federal law is a necessary and a central element of plaintiff's state law claims. <u>Mabe v. Golden Living Ctr.-Bransom</u>, No. 07-03268-CV-S-FJG, 2007 WL 3326857, at *3 (W.D. Mo. Nov. 6, 2007) (<u>citing</u> <u>Gaming Corp. of Am. v. Dorsey & Whitney</u>, 88 F.3d 536, 542 (8th Cir. 1996), and <u>Bellido-Sullivan v. American Int'l Group, Inc.</u>, 123 F. Supp. 2d 161, 164 (S.D.N.Y. 2000)). "A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." <u>Id.</u> (citation omitted).

The complete preemption exception is limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." <u>M. Nahas & Co. v. First Nat. Bank of Hot</u>

Springs, 930 F.2d 608, 612 (8th Cir. 1991). "[T]he question whether a certain state action is pre-empted by federal law is one of congressional intent." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (alteration in original; citation omitted). "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 698 (2006). As noted by several courts that have addressed this issue, the language of the FMLA does not express an intent by Congress to completely displace state law. See Bellido-Sullivan, 123 F. Supp. 2d at 165 (noting that, unlike the LMRA and ERISA, the FMLA contains no jurisdictional section providing exclusive federal jurisdiction); Mabe, 2007 WL 3326857, at *3; Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc., No. 4-02-CV-10282, 2003 WL 1233076, at *2 (S.D. Iowa Feb. 10, 2003). Indeed, the FMLA's terms "reveal Congress' general intent to prevent the FMLA from preempting state law claims." Vandevander v. Verizon Wireless, LLC, No. 3:15-11540, 2016 WL 868831, at *3 (S.D.W. Va. Mar. 7, 2016); 29 U.S.C. § 2651(a) and (b) ("Nothing in this Act . . . shall be construed to modify or affect any . . . State law prohibiting discrimination on the basis of . . . disability." "Nothing in this Act . . . shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act").

Because the FMLA does not completely preempt state law claims, defendant Walgreens must establish that an issue of federal law is a necessary and central element of plaintiff's claims under the MHRA. Here, plaintiff alleges that defendant Walgreens terminated his employment in retaliation for demanding FMLA protection

and for refusing to sign the last chance agreement. He is not seeking relief for lost benefits under the FMLA and his retaliation claim under the MHRA does not depend on the resolution of whether his FMLA rights were violated. See Miller v. Metro. Sewer Dist., No. 4:10CV0363 JCH, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010) (finding that plaintiff's allegation in her MHRA claim that employer denied her leave under FMLA did not raise substantial question of federal law). The Court concludes, as have other district courts, that plaintiff's claim does not raise a federal question. See Bell v. BJC Health Sys., No. 4:10CV72 HEA, 2010 WL 2835736, at *3 (E.D. Mo. July 16, 2010) (rejecting argument that plaintiff's state law claims depended on determining a "right to be free from retaliation for using FMLA leave"); Miller, 2010 WL 2399553, at *2; Horner, 2009 WL 5214901at *2 (plaintiff's reference to FMLA did not create federal question jurisdiction); Mabe, 2007 WL 3326857, at *5 (W.D. Mo. Nov. 6, 2007) (claim for negligent infliction of emotional distress based on denial of FMLA leave did not arise under federal law); Morthland v. BRP US, Inc., No. 06-CV-01038 DRH, 2007 WL 853986, at *2 (S.D. Ill. Mar. 16, 2007) (allegation that discharge was "causally related" to exercise of FMLA rights did not raise substantial federal question); Belperio v. Cincinnati Bell Tel. Co., No. 1:04-CV-831, 2005 WL 1364630, at *2 (S.D. Ohio June 8, 2005) (allegation that employer intentionally inflicted emotional distress while processing FMLA leave request did not raise federal question).

Defendant argues that Count II necessarily states a claim under the FMLA because, unlike Count I, it does not cite the MHRA. However, the first paragraph of the complaint states that the case "arises under" the MHRA. Defendant also argues that plaintiff has failed to allege the elements of a claim for retaliatory discharge in

violation of the MHRA. The fact that plaintiff may have inadequately pleaded his claim for relief does not establish that the claim necessarily arises under federal law. See Bellido-Sullivan, 123 F. Supp. 2d at 168 ("The mere fact that the defendant might believe that the plaintiff could be more successful arguing the case under the FMLA will not trump the plaintiff's choice of forum.") Defendant finally argues that plaintiff's retaliation claim necessarily requires a determination of whether plaintiff's FMLA rights were violated. The Court disagrees. Under the MHRA, a plaintiff alleging retaliation must meet three requirements: (1) the plaintiff complained of an MHRA-prohibited activity, (2) the employer took an adverse employment action, and (3) a causal connection exists between the complaint and adverse action. Shirrell v. St. Francis Med. Ctr., 793 F.3d 881, 886 (8th Cir. 2015) (citing McCrainey v. Kan. City Mo. Sch. Dist., 337 S.W.3d 746, 753 (Mo. Ct. App. 2011)); see also Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 625 (Mo. 1995) (retaliation includes any act done for the purpose of reprisal that results in damage to the plaintiff). These elements do not require a plaintiff to prove a violation of an underlying statute to prevail on a retaliation claim.

Plaintiff's claims do not arise under federal law and there is no basis in the record for finding jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. The Court thus lacks subject-matter jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016.