UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS ZAMPITELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-781 (CEJ) |
| ) | |
| WALGREENS COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Dennis Zampitella filed suit in state court alleging that his employer wrongfully terminated his employment in violation of the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 *et seq.* Defendant Walgreens Company removed the matter to this Court on the basis of federal question jurisdiction, asserting that plaintiff's claims arose under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq*. On July 6, 2016, the Court found that plaintiff's claims did not arise under the FMLA and remanded the case to the state court.

Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), which grants courts the authority "to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the

Court declines to find that defendant lacked an objectively reasonable basis for seeking removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for attorney's fees is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2016.